BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
KEVIN DANIELSON, OSB # 065860
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117

JOHN C. CRUDEN, Assistant Attorney General
SETH M. BARSKY, Section Chief
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Tel: (303) 844-1479 | Fax: (303) 844-1350
Email: Michael.Eitel@usdoj.gov

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

**CENTER FOR BIOLOGICAL DIVERSITY,** et al.,

Plaintiffs,

v.

**U.S. BUREAU OF RECLAMATION,** et al.,

Defendants,

and

**ARNOLD IRRIGATION DISTRICT,** et al.,

Intervenor-Defendants.

Case No.: 6:15-cv-02358-JR
(consolidated with 6:16-cv-00035-JR)

**STIPULATED SETTLEMENT AGREEMENT AND ORDER**

Plaintiffs (Center for Biological Diversity and WaterWatch of Oregon), Federal Defendant (the U.S. Bureau of Reclamation), and the Irrigation District Defendants and Defendant-Intervenors (Arnold Irrigation District, Central Oregon Irrigation District, Lone Pine Irrigation District, North Unit Irrigation District, and Tumalo Irrigation District), by and through undersigned counsel, enter into the following Stipulated Settlement Agreement ("Agreement") for the purpose of resolving the above-captioned litigation.

**WHEREAS**, the Center for Biological Diversity filed a lawsuit against the U.S. Bureau of Reclamation ("Reclamation") on December 18, 2015 (ECF 1, 15-cv-2358 (D. Or.));

**WHEREAS**, WaterWatch of Oregon filed a lawsuit against Reclamation and Central Oregon Irrigation District, North Unit Irrigation District, and Tumalo Irrigation District ("Districts") on January 11, 2016, and a First Amended Complaint on the same day (ECF 4, 16-cv-35 (D. Or.));

**WHEREAS**, the Center for Biological Diversity's and WaterWatch of Oregon's lawsuits were consolidated on January 20, 2016 (ECF 14);

**WHEREAS**, the Arnold Irrigation District, Central Oregon Irrigation District, Lone Pine Irrigation District, North Unit Irrigation District, and Tumalo Irrigation District were granted leave to intervene (ECF 12), and the Confederated Tribes of the Warm Springs Reservation of Oregon and the State of Oregon were individually granted leave to participate as amici (ECF 13, 35);

**WHEREAS**, the Center for Biological Diversity asserts that Reclamation violated the Freedom of Information Act ("FOIA") by improperly withholding certain materials when it responded to the Center for Biological Diversity's April 28, 2015 FOIA request;

**WHEREAS**, Reclamation subsequently released to the Center for Biological Diversity all of the information it had originally redacted in its September 30, 2015 response to the Center for Biological Diversity's FOIA request, except for redacted content in one email;

**WHEREAS**, the Center for Biological Diversity and WaterWatch of Oregon assert that Reclamation has violated Section 7(a)(2) and Section 7(d) of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1536(a)(2), (d), by failing to complete a consultation with the U.S. Fish and Wildlife Service ("FWS") on the effects of operating Wickiup and Crane Prairie dams on Oregon spotted frogs and that Reclamation has violated Section 9 of ESA, 16 U.S.C. § 1538, by taking Oregon spotted frogs without an exemption or permit;

**WHEREAS**, WaterWatch of Oregon asserts that the Districts have violated Section 9 of ESA, 16 U.S.C. § 1538, by taking Oregon spotted frogs without an exemption or permit;

**WHEREAS**, WaterWatch of Oregon and the Center for Biological Diversity (collectively, "Plaintiffs") filed a motion for preliminary injunctive relief on February 9, 2016 (ECF 20), which the Court denied on April 6, 2016 (ECF 67);

**WHEREAS**, by letter dated September 18, 2015, Reclamation initiated consultation with FWS under Section 7(a)(2) of the ESA, 16 U.S.C. § 1536(a)(2) (ECF 21-9 at 2), Reclamation intends to complete a biological assessment prepared pursuant to 16 U.S.C. § 1536(c) in 2016, and FWS will work diligently to complete the biological opinion by July 31, 2017 (ECF 38 at 7-8; ECF 21-9 at 11; ECF 21-9 at 33);

**WHEREAS**, Reclamation has submitted a letter to FWS requesting that FWS limit the duration of any Incidental Take Statement issued pursuant to 16 U.S.C. § 1536(b)(3)(A) to July 31, 2019, and FWS intends to consider limiting the duration of any Incidental Take Statement to July 31, 2019, if consistent with applicable laws;

**WHEREAS**, the Department of the Interior has certain obligations to amicus curiae Confederated Tribes of the Warm Springs Reservation of Oregon, *see, e.g.*, Secretarial Order 3206, and the Department of the Interior, acting through its agencies, intends to coordinate with the Warm Springs Tribes during the ESA consultation initiated by Reclamation on September 18, 2015 to address Secretarial Order 3206 and its trust responsibility generally;

**WHEREAS**, the Districts have convened an Oregon Spotted Frog technical team to provide scientific and technical input on issues relating to the Districts' operations of Crane Prairie, Wickiup, and Crescent Lake dams and reservoirs, and Reclamation and FWS experts and representatives intend to continue participating, in good faith, on the technical team during the duration of the ESA consultation process;

**WHEREAS**, Plaintiffs' representative Theresa Simpson has expressed a desire to observe Oregon spotted frogs in the Upper Deschutes sub-basin under an existing scientific research permit that FWS has issued under Section 10(a)(1)(A) of the ESA, 16 U.S.C. § 1539(a)(1)(A), and FWS believes that this request can be accommodated and will work with Theresa Simpson to discuss and evaluate options for Ms. Simpson to observe Oregon spotted frogs under the provisions of an existing scientific research permit;

**WHEREAS**, Plaintiffs, the Districts, and Reclamation (collectively referred to as "the Parties"), through their authorized representatives and without any admission of fact or law with respect to Plaintiffs' claims, have reached a settlement resolving all claims contained in Plaintiffs' Complaint (ECF 1, 15-cv-2358) and First Amended Complaint (ECF 4, 16-cv-35);

**WHEREAS**, the Parties agree that settlement of these consolidated actions in the manner described below is in the public interest and is an appropriate way to resolve the disputes between them, and the Warm Springs Tribes agree with and support the Agreement as confirmed by its legal counsel's signature below;

**NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:**

## I. FEDERAL DEFENDANT'S COMMITMENTS RE: COMPLETION OF THE BIOLOGICAL ASSESSMENT AND THE ESA CONSULTATION.

1. In the course of the ongoing ESA consultation Reclamation initiated by letter dated September 18, 2015, Reclamation and the Districts agree to use their best efforts to assist FWS with completing the consultation and a biological opinion by July 31, 2017. Reclamation

and the Districts further agree to work, in good faith, with FWS to facilitate FWS's consideration of all issues raised in the consultation, including limiting the duration of the ITS to July 31, 2019.

2. Reclamation agrees to prepare a draft biological assessment and transmit it to FWS and Plaintiffs by October 31, 2016. Plaintiffs will endeavor, to the extent possible, to provide comments on the draft biological assessment within 21 days of October 31, 2016. Reclamation reserves the right to, in its discretion, share copies of draft biological assessments with other parties or entities at any time.

3. Reclamation further agrees to transmit a final biological assessment to FWS and provide a copy to Plaintiffs no later than December 31, 2016. Reclamation reserves the right to, in its discretion, share copies of the final biological assessment with other parties or entities at any time.

4. Nothing in this Agreement shall be construed to modify or limit the discretion afforded to the United States, including Reclamation and FWS, under the National Environmental Policy Act, the Endangered Species Act, the Administrative Procedure Act, or any other statute or provision of law in carrying out the ESA consultation Reclamation initiated on September 18, 2015, and completing a biological assessment, biological opinion, or any other decision document.

5. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Reclamation obligate or pay funds exceeding those available, take action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or take actions in contravention of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559, 701-706, the ESA, 16 U.S.C. §§ 1531 to 1544, or any other law or regulation, either substantive or procedural. Nothing in the terms of this Agreement shall be construed to affect the rights of the United States as against persons not parties to this Agreement.

## II. IRRIGATION DISTRICTS' COMMITMENTS RE: OREGON SPOTTED FROG (OSF) TECHNICAL TEAM.

6.   While this Agreement is in effect (see paragraph 14), the Districts shall invite Theresa Simpson to participate as a representative of the Plaintiffs in ongoing OSF Technical Team meetings and discussions, and the Districts agree to invite Theresa Simpson to participate in any OSF Technical Team meetings and discussions occurring after termination of this Agreement until the Districts' Habitat Conservation Plan ("HCP") is completed and approved, so long as the Parties are not engaged in litigation with each other. If, however, any party becomes adversarial to another due to litigation, whether over the biological assessment, biological opinion, other decision document, a failure to complete the HCP, or otherwise, then the Districts' invitation for Theresa Simpson's participation on the OSF Technical Team may be withdrawn.

## III. IRRIGATION DISTRICTS' COMMITMENTS RE: INTERIM OPERATIONS

7.   From the effective date of this Agreement (see paragraph 11) through July 31, 2017, the Districts will operate Wickiup, Crane Prairie, and Crescent Lake dams and reservoirs as set forth in the Districts' February 5, 2016, letter (Attachment 1), as modified or supplemented by the provisions in paragraphs 8-10, below.

8.   The Districts agree to provide a minimum of 100 cubic feet per second ("cfs") of water from September 16, 2016, to March 30, 2017, for winter flows in the Upper Deschutes River. These winter flows will be measured at the WICO gage. The Districts further agree to the following:

8.a.   The minimum instream flow in Crescent Creek at the CREO gage (OWRD gage # 14060000) will be 30 cfs from March 15 through November 30. The minimum instream flow in Crescent Creek at the CREO gage will be 20 cfs from December 1 through March 14. However, if the flow in the Little Deschutes River at the LAPO gage (OWRD gage # 14063000) is less than 110 cfs by November 30, the transition from 30 cfs to 20 cfs will be delayed until flows of 110 cfs at the LAPO gage are sustained for at least one week.

8.b. The maximum rate of increase in flow at the CREO gage will be 30 cfs (plus or minus 2 cfs) per day, and the maximum rate of decrease in flow will be 20 cfs (plus or minus 2 cfs) per two day period.

8.c. Ramp down of releases at Crescent Lake Dam at the end of the irrigation season will begin no earlier than September 1 and end no later than October 31.

8.d. Monitoring of OSF habitat in Crescent Creek and the Little Deschutes River will continue, to document flows that are needed to support OSF populations.

8.e. The water level in Crane Prairie Reservoir will not drop below 35,000 acre feet at any point during the term of the agreement unless inflow to the reservoir is less than the combined total of natural evaporation and seepage loss, and then will drop only to the extent dictated by those natural conditions. In addition, the reservoir may be lowered below 35,000 acre feet if: (1) the OSF Technical Team recommends a lower reservoir volume to maintain instream flows in the Deschutes River between Crane Prairie Dam and Wickiup Reservoir for the benefit of Oregon spotted frogs or fish using that stretch of the river; or (2) if necessary to undertake emergency repairs to Crane Prairie Dam, but to the minimum extent and for the minimum time needed to complete such repairs.

9. The Districts will invite and consider the recommendations of the OSF Technical Team when determining certain specifics of dam operations, particularly ramping dates for both winter and spring flow levels, ramping rates and duration of ramping to reach both winter and spring flow levels, and any changes to flow levels during the two month breeding season after reaching the 600 cfs spring breeding flow level.

10. Routine or safety-of-dams inspections or maintenance activities periodically occur that require reductions in releases from Crane Prairie, Wickiup, or Crescent Lake dams. Reclamation plans to conduct routine inspections at Wickiup and Crane Prairie dams in the winter of 2016 or spring of 2017. Reclamation may request that the Districts temporarily

(e.g., for one to two days; the total duration is dependent on ramping rates) reduce releases to facilitate these inspections. Further, emergency or other unforeseen conditions (e.g., law enforcement investigation) can arise that require reducing the flow releases from Wickiup, Crane Prairie, or Crescent Lake dams. This Agreement does not preclude these actions. Reclamation or the Districts will notify the Parties as soon as practicable if these circumstances occur and include the duration and extent of expected (or actual) flow reductions from the dams. Reclamation and the Districts further commit that temporary reductions in flow will only be made if absolutely necessary to accommodate an inspection or an emergency situation, and the amount of flow reduction and duration of the reduction will both be minimized to the greatest extent possible.

## IV.  EFFECTIVE DATE

11. This Agreement shall take effect immediately upon entry of an Order by the Court approving the Agreement. If for any reason the District Court does not enter this Agreement, the obligations set forth in this Agreement are null and void.

## V.  CONTINUING JURISDICTION

12. The parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement, modify its terms as described in paragraph 20, or resolve any disputes concerning its implementation, while this Agreement is in effect (see paragraph 14). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

13. Nothing in the terms of this Agreement shall be construed to confer upon this Court jurisdiction to review any decision, either procedural or substantive, to be made by Reclamation pursuant to this Agreement, and nothing in this Agreement alters or affects the standards for judicial review of final Reclamation action.

## V. TERMINATION OF CONSENT DECREE

14. With the exception of the Districts' obligations in paragraph 6, which shall continue so long as the conditions contained in the paragraph are satisfied, the Agreement and the Court's continuing jurisdiction over the Agreement shall automatically expire upon the earlier of: (a) the conclusion of the ESA consultation initiated by Reclamation on September 18, 2015, as evidenced by FWS's issuance of a final biological opinion and Reclamation's issuance of a Record of Decision; or (b) July 31, 2017.

## VI. DISMISSAL OF CLAIMS; RELEASE AND RESERVATION OF RIGHTS

15. Subject to the limitations set forth in paragraphs 17 and 18, and upon approval of this Agreement by the Court, the Center for Biological Diversity's First and Second Claims for Relief (ECF 1, 15-cv-2358) and WaterWatch of Oregon's First and Second Claims for Relief (Counts I and II) (ECF 4, 16-cv-35), as well as the corresponding requests for relief for such claims in both complaints, shall be dismissed without prejudice.

16. Upon approval of this Agreement by the Court, Plaintiff Center for Biological Diversity's Third Claim for Relief (FOIA) (ECF 1, 15-cv-2358) shall be dismissed with prejudice.

17. While this Agreement is in effect, Plaintiffs agree not to pursue the ESA Section 7 claims in their Complaint (ECF 1, 15-cv-2358) and First Amended Complaint (ECF 4, 16-cv-35) in this matter or bring those same Section 7 claims in any other action against Reclamation (by way of commencement of an action, the joinder of Reclamation in an existing action, or in any other fashion).

18. Further, while this Agreement is in effect, Plaintiffs agree not to pursue the ESA Section 9 claims in their Complaint (ECF 1, 15-cv-2358) and First Amended Complaint (ECF 4, 16-cv-35) in this matter or bring those same Section 9 claims in any other action against Reclamation and/or the Districts (by way of commencement of an action, the joinder of

Reclamation and/or the Districts in an existing action, or in any other fashion). Plaintiffs further assert that should they bring any new claims under ESA Section 9 against Reclamation and/or the Districts over operation of Crane Prairie, Wickiup and/or Crescent Lake dams and reservoirs, those claims would seek relief only as to operations of those facilities from the expiration of the Agreement forward, and would not seek relief for past operations. Plaintiffs' agreement to only seek relief for future operations will not limit their ability to use evidence from the past to assert or prove claims of future section 9 violations, and should not be read as a concession that past Section 9 violations have not occurred. Defendants reserve any and all claims and defenses they may have to any such Section 9 claims, evidentiary submissions, or legal challenge.

19. This Agreement does not impair any right Plaintiffs may have to bring a future action challenging any final agency action that may arise from the Agreement or future claims relating to Reclamation's or the Districts' compliance with the ESA or any other laws. Any future legal challenges must be brought in a new civil action and not in a continuation of either or both of the above-captioned consolidated actions. Defendants reserve any and all defenses they may have to any such claims or legal challenge.

## VII. DISPUTE RESOLUTION, ENFORCEABILITY, AND MODIFICATION.

20. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court. In the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party raising the dispute or seeking enforcement shall provide the other party with notice of the claim. The Parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim, either party may seek relief from the Court.

21.     In the event that Plaintiffs believe that Reclamation failed to comply with a term of this Agreement, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

## VIII.  FEES AND COSTS.

22.     The Districts and Plaintiff WaterWatch of Oregon agree to bear their own fees and costs for claims asserted against the Districts in the above-captioned litigation, up to the date of this Agreement. This fee agreement does not apply to any future fee accrual from enforcement of this Agreement or future litigation between the parties. Plaintiffs reserve the right to seek an award against Reclamation for reasonable attorneys' fees and costs incurred in connection with this lawsuit. In the event that Plaintiffs seek such fees and costs against Reclamation, the Plaintiffs and Reclamation shall attempt to reach agreement as to entitlement to recovery and the appropriate amount of recovery. If the Plaintiffs and Reclamation are unable to reach agreement, Plaintiffs may file a motion with the Court for such recovery. By entering this Agreement, Reclamation preserves, and does not waive, any arguments, claims, defenses, or right to contest entitlement to or the amount of fees claimed by Plaintiffs.

## IX.  NOTICE AND CORRESPONDENCE

23.     Whenever notifications or other communications to Plaintiffs or Defendants are required by this Agreement, they shall be in writing and be addressed and sent via U.S. Mail or electronic mail as follows:

   For Plaintiff Center for Biological Diversity:
   Laurie Rule, Advocates for the West
   3115 NE Sandy Blvd. Suite 223
   Portland, OR  97232
   Tel:  503-914-6388
   Email:  lrule@advocateswest.org

   For Plaintiff WaterWatch of Oregon:
   Janette Brimmer, Earthjustice
   705 2nd Avenue, Suite 203
   Seattle, WA 98104

Tel: 206-343-7340, ext. 1029
Email: jbrimmer@earthjustice.org

For the United States, on behalf of Reclamation:
Michael R. Eitel
U.S. Department of Justice
Environmental & Natural Resources Division
Wildlife & Marine Resources Section
999 18th St., South Terrace Suite 370
Denver, Colorado 80202
Tel: (303) 844-1383 / Fax: (303) 844-1350
Email: Michael.eitel@usdoj.gov

For the Districts, on behalf of Central Oregon Irrigation District, North Unit Irrigation District, Tumalo Irrigation District, Arnold Irrigation District, and Lone Pine Irrigation District:
Beth S. Ginsberg
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101-4109
Tel: (206) 386-7581 / Fax: (206) 386-7500
Email: Beth.ginsberg@stoel.com

For the Warm Springs Tribes:
John W. Ogan
Josh Newton
Karnopp Petersen LLP
360 SW Bond Street, Suite 400
Bend, Oregon 97702
Tel: (541) 382-3011
Fax: (541) 388-5410
Email: jwo@karnopp.com; jn@karnopp.com

For the State of Oregon:
Nina R. Englander
Sarah K. Weston
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: 971-673-1880
Fax: 971-673-5000
Email: nina.englander@doj.state.or.us; sarah.weston@doj.state.or.us

Jesse Ratcliffe
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Tel: 503-947-4549
Fax: 503-378-3802
Email: jesse.d.ratcliffe@state.or.us

      Upon written notice to the other Parties, any party may designate a successor contact person for any matter relating to this Agreement.

## X. ADDITIONAL PROVISIONS

24. This Agreement shall not constitute or be construed as an admission or adjudication by the United States or Reclamation of any question of fact or law with respect to any of the claims raised in this matter. Nor is it an admission of violation of any law, rule, regulation, or policy by the United States or Reclamation. This Agreement shall not be admitted for any purpose in any proceeding without prior notice to and the express consent of Reclamation.

25. This Agreement was negotiated between the Parties in good faith and was jointly drafted by the Parties. Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Agreement. All negotiations leading up to this Agreement, including any correspondence and other documents exchanged during and for the purpose of settlement negotiations, are confidential, and will not be discussed or disclosed except to the parties and their representatives.

26. This Agreement constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the matters addressed in this Agreement. There are no representations, agreements or understandings relating to this settlement other than those expressly contained in this Agreement.

27. The individuals signing this Agreement on behalf of the Parties hereby certify that they are authorized to bind their respective parties to this Agreement and do agree to the terms herein.

WHEREFORE, after reviewing the terms and conditions of this Agreement, the Parties hereby consent and agree to the terms and conditions of this Agreement. As indicated by the supporting signature below, the Warm Springs as amicus support this Agreement.

Respectfully submitted this 28 day of October, 2016,

*/s/ Michael R. Eitel*
MICHAEL R. EITEL
Senior Trial Attorney (Neb. Bar #22889)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Tel: (303) 844-1479
Fax: (303) 844-1350
Email: Michael.Eitel@usdoj.gov
*Attorneys for Federal Defendants*

*/s/ Lauren M. Rule *with permission*
Lauren M. Rule
3115 NE Sandy Blvd. Suite 223
Portland, OR 97232
Tel: 503-914-6388
Email: lrule@advocateswest.org

*Attorneys for Plaintiff the Center for Biological Diversity*

*/s/ Janette Brimmer *with permission*
Janette Brimmer
Earthjustice
705 2nd Avenue, Suite 203
Seattle, WA 98104
Tel: 206-343-7340, ext. 1029
Email: jbrimmer@earthjustice.org

*Attorneys for Plaintiff WaterWatch of Oregon*

*/s/ Beth S. Ginsberg *with permission*
Beth S. Ginsberg
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101-4109
Tel: (206) 386-7581 / Fax: (206) 386-7500
Email: Beth.ginsberg@stoel.com

*Attorneys for Central Oregon Irrigation District, North Unit Irrigation District, Tumalo Irrigation District, Arnold Irrigation District, and Lone Pine Irrigation District*

*The undersigned legal counsel confirms that The Confederated Tribes of the Warm Springs Reservation of Oregon's agreement with and support of this Stipulated Settlement Agreement and [Proposed] Order*

*/s/ Josh Newton *with permission*
John W. Ogan
Josh Newton
Karnopp Petersen LLP
360 SW Bond Street, Suite 400
Bend, Oregon 97702
Tel: (541) 382-3011
Fax: (541) 388-5410
Email: jwo@karnopp.com; jn@karnopp.com

*Attorneys for the Confederated Tribes of the Warm Springs Reservation of Oregon*

**ORDER**

The Court hereby approves and orders each and every term of this Stipulated Settlement Agreement. IT IS SO ORDERED.

DATED this 9 day of November, 2016

The Honorable Ann Aiken
United States District Judge